MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

MARISSA HARRIS (DCBN 997421)
Assistant United States Attorney

      150 Almaden Boulevard, Suite 900
      San Jose, California 95113
      Telephone: (408) 535-5043
      FAX: (408) 535-5066
      marissa.harris@usdoj.gov

RAYMOND HULSER
Chief, Public Integrity Section

JOHN D. KELLER (ILLBN 6293104)
SEAN F. MULRYNE (NJBN 027052008)
Trial Attorneys

      1400 New York Avenue, NW
      Washington, DC 20005
      Telephone: (202) 514-1412
      FAX: (202) 514-3003
      john.keller@usdoj.gov
      sean.mulryne@usdoj.gov

Attorneys for United States of America

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Criminal No.: 5:15-cr-00276** |
| | ) | |
| | ) | |
| **v.** | ) | **SENTENCING MEMORANDUM** |
| | ) | |
| | ) | |
| **ANTHONY DON TRAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

Defendant Anthony Tran, a former member of the United States Army, is before the Court for sentencing having pleaded guilty for accepting bribes in connection to his military service in Afghanistan.  The facts are not in dispute.  Tran took cash and gave away military resources.  In particular, Tran admitted that he sold approximately 12,000 gallons of fuel, which had been intended for the U.S. military base in Afghanistan at which he served, to an Afghan truck driver in exchange for nearly $20,000 in cash.  In addition, Tran admitted to pocketing about $1,000 in "hush money" from a fellow service member who also was accepting bribes from Afghan truck drivers in return for military fuel.

For this, Tran deserves a significant custodial sentence.  The parties have stipulated that the total offense level under the United States Sentencing Guidelines is 19, resulting in an advisory Guidelines range of 30 to 37 months.  *See* Dkt. No. 21, ¶ 7 (Plea Agreement).  The Presentence Investigation Report ("PSR") accepts and reiterates those calculations.  *See* PSR ¶¶ 4, 24-34, 74. Therefore, based on Tran's serious misconduct and the parties' agreement, the government recommends that Tran be sentenced to 30 months in prison, followed by three years of supervised release.  We further recommend, consistent with the Plea Agreement, that Tran be ordered to make full restitution in the amount of $69,000, that he forfeit his 2009 Honda Accord, VIN No. 1HGCS12389A005430, and that a money judgment in the amount of $11,437 be entered against him.

## I.      Tran's Guilty Plea and Sentencing Guidelines

On March 10, 2015, defendant Anthony Tran was indicted in the Middle District of Georgia on two counts: one count of conspiracy to commit bribery, in violation of 18 U.S.C. § 371 (Count 1), and one count of bribery of a public official, in violation of 18 U.S.C. § 201 (Count 2). *United States v. Tran*, 4:15-cr-00011 (M.D. Ga.), ECF No. 1 (Indictment).  On or about May 19,

- 2 -

2015, the case was transferred to the Northern District of California, pursuant to Rule 20 of the Federal Rules of Criminal Procedure.  On June 9, 2015, Tran pleaded guilty to the one count of bribery of a public official.

Tran's sentence is governed by Section 2C1.1 of the United States Sentencing Guidelines ("U.S.S.G.").  The government agrees with the Guidelines calculations provided in the PSR and contemplated in the Plea Agreement:

| | |
|---|---|
| Base Offense Level for Public Official ……………………… | 14 (§ 2C1.1(a)(1)) |
| More than One Bribe …………………………………… | +2 (§ 2C1.1(b)(1)) |
| Value of Benefit to Briber Exceeded $30,000…………… | +6 (§§ 2C1.1(b)(2), |
| | 2B1.1(b)(1)(D)) |
| Acceptance of Responsibility ………………………… | -3 (§ 3E1.1(a) & (b)) |
| **Total Offense Level:** | **19** |
| Criminal History Category I | (0 points) |
| Guidelines Sentencing Range | 30-37 months |

## II.   Sentencing Factors Under 18 U.S.C. § 3553

The goal of sentencing is to achieve a sentence that is "sufficient but not greater than necessary."  18 U.S.C. § 3553(a).  To achieve this objective, district courts have "great latitude both in choosing a sentence and in articulating reasons for the sentence[.]"  *United States v. Burgos-Ortega*, 777 F.3d 1047, 1057 (9th Cir. 2015).   When selecting from the range of appropriate sentences to impose, the district court must consider the factors set forth by 18 U.S.C. § 3553(a), which include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the kinds of sentences available; (6) the Sentencing Guidelines

range; and (7) the need to avoid unwarranted sentence disparities. *See* 18 U.S.C. § 3553(a). However, "[t]he district court need not tick off each of the § 3553(a) factors to show that it has considered them." *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009); *see also United States v. De La Cruz Sanchez*, 601 F.3d 1202, 1223 (11th Cir. 2010) ("While the district court must consider these factors in imposing the sentence, it is not required to discuss each factor [at the sentencing proceeding]." (citation omitted)). "The weight to be given the various factors in a particular case is for the discretion of the district court." *Gutierrez-Sanchez*, 587 F.3d at 908. Moreover, the § 3553(a) factors should be weighed in light of the applicable Guidelines sentencing range and underlying policies. *See United States v. Gall*, 552 U.S. 38, 70 (2007).

The nature of Tran's offenses is straightforward. First, while deployed in Afghanistan at Forward Operating Base ("FOB") Gardez as a specialist in the United States Army, Tran accepted a bribe payment approximating $20,000 in cash from an Afghan truck driver. ECF No. 21, ¶ 2.i.; PSR ¶ 11. In exchange for the money, Tran allowed the truck driver to leave the base with about 12,000 gallons of fuel earmarked for military use. Tran falsely documented and reported that the delivery truck downloaded the fuel in an effort to conceal the crime. In addition, Tran also accepted at least approximately $1,000 in bribes from a fellow service member, Sergeant Seneca Hampton, who, along with Sergeant First Class James Norris, perpetrated a bribery scheme similar to Tran's. ECF No. 21, ¶ 2.g & h.; PSR ¶ 11. Hampton and Norris accepted bribes from Afghan truck drivers and allowed those drivers to steal fuel from FOB Gardez. Tran took the cash from Hampton as a form of "hush money," agreeing not to report Hampton and Norris's crimes and thereby enabling them to continue with their conspiracy.[1]

---

[1] Hampton and Norris each pleaded guilty in the Middle District of Georgia to one count

1   When Tran returned from deployment, he purchased a 2010 Dodge Challenger in cash

2   using $19,000 of the bribe money he received from the truck driver in Afghanistan.  ECF No. 21,

3   ¶ 2.k.; PSR ¶ 13.   He later traded in that vehicle for a 2009 Honda Accord, VIN No.

4   1HGCS12389A005430.  As part of his Plea Agreement, Tran has agreed to forfeit the 2009 Honda

5   Accord.  ECF No. 21, ¶ 11; PSR ¶ 85.

6

7   The corruption of United States military members deployed abroad is serious.  *See United*

8   *States v. Whiteford*, 676 F.3d 348, 364 (3d Cir. 2012) (affirming the bribery conspiracy sentences

9   of two United States Army Reservists deployed to Iraq based in part on "'the gravity of someone

10  who was in [his] position' participating in the conspiracy" (alteration in original)).   Indeed, a

11  service member agreeing to accept a bribe in exchange for fuel is an egregious crime that depletes

12  resources, distracts from important military operations and objectives, and can undermine morale

13  and public confidence in the military.   Tran nevertheless took cash for fuel, all while serving on a

14  United States military base operating in a warzone.  Consequently, he abused his position and

15  betrayed the trust ascribed to him by his country and the military, and did so solely for the purpose

16

17

18  _____

19

20  of conspiracy to commit bribery, in violation of 18 U.S.C. § 371, and one count of money
    laundering, in violation of 18 U.S.C. § 1957. *See United States v. Seneca Hampton*, 4:14-cr-00036

21  (M.D. Ga.); *United States v. James Norris*, 4:15-cr-00002 (M.D. Ga.).  Like Tran, Hampton and
    Norris used portions of their illicit proceeds to purchase vehicles when they returned to the United

22  States.   Consistent with the government's recommendation in each case, the Court sentenced
    Hampton to 24 months in prison and Norris to 51 months in prison.  Hampton's sentence, in

23  particular, reflected a substantial reduction he received for his cooperation, pursuant to U.S.S.G. §
    5K1.1; based on that recommendation, the court departed from the otherwise applicable Guidelines

24  range of 41-51 months.  Both defendants also agreed to forfeit the vehicles they purchased with
    their ill-gotten gains.

25  It is important to note, however, that both Hampton and Norris accepted responsibility for

26  their crimes prior to indictment.  Despite multiple opportunities, Tran refused to cooperate with
    law enforcement authorities before he was indicted by a grand jury in the Middle District of

27  Georgia. *See* PSR ¶¶ 14-15.  Moreover, when approached by law enforcement officials following
    his indictment, Tran resisted arrest and struggled with the agents who were attempting to detain

28  him. *See id.*, ¶ 16.

- 5 -

of personal profit.  Tran operated with no regard for the fuel loss to the United States government; he similarly disregarded the potential for the pilfered fuel to be purchased on the black market by hostile parties.  *See* PSR ¶ 18.  Tran also pocketed even more money in exchange for his silence and complicity, allowing Hampton and Norris to continue their conspiracy and to cause far greater loss to the government.

In his Sentencing Memorandum, the defendant sets forth several grounds that he believes warrant a downward departure or variance in this case.[2]  Although the Court may consider those assertions when crafting an appropriate sentence, they do not justify a sentence below the Guidelines range here.  On the contrary, a number of Tran's arguments only illustrate further the need for a custodial term consistent with the applicable Guidelines.

For instance, Tran notes that, by virtue of Hampton and Norris's criminal conduct, he was subject to a corrupt command structure.  *See* ECF No. 26 (Tran's Sentencing Memorandum) at 4.  Hampton and Norris's misconduct, however, does not in any way excuse Tran's own crimes or his blatant disregard for the duties and responsibilities entrusted to him by the military.  Tran cannot help but acknowledge as much.  *Id.* (noting that corrupt leadership and posttraumatic stress disorder does "not [present] a defense to the illegal conduct").  Indeed, rather than report Hampton and Norris's offenses to the proper authorities, Tran chose to join in their criminal endeavors by (1) accepting multiple bribes from Hampton, and (2) indulging in his own scheme.

---

[2] To the extent Tran requests in his Sentencing Memorandum a downward departure, it should be noted that the parties agreed as part of their negotiated agreement that "neither a downward or upward departure from the applicable Guidelines range is warranted.  Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein.  Nor will either party suggest that the Court consider such a departure or adjustment."  ECF No. 21, ¶ 7.  As part of the parties' agreement, however, Tran has reserved the right to—and, indeed, does—argue for a downward variance based on the factors associated with U.S.S.G. § 3553(a).  *See id.*

Tran next argues for a minor participant reduction, pursuant to U.S.S.G. 3B1.2(b), based on his culpability relative to Hampton and Norris. *See* ECF No. 26 at 5. Tran, however, has agreed as part of his Plea Agreement that the parties' stipulations govern his Guidelines range, and that he will not "seek any adjustment not set forth herein" nor will he "suggest that the Court consider such a[n] . . . adjustment." ECF No. 21, ¶ 7. The role reduction he seeks is not part of the Plea Agreement or its stipulations. The provision nevertheless is simply inapplicable here. Tran has pleaded guilty to, and is being punished for, bribery of a public official—not conspiracy. The facts underlying the bribery offense primarily involve Tran's receipt of a bribe from an Afghan truck driver in return for approximately $69,000 in fuel. As reflected in the factual basis of his plea, no other individuals, including Hampton or Norris, participated in that corrupt exchange. Tran therefore was not a minor participant, but rather the primary participant in that scheme. Insofar as Tran had only a "minor" role in connection to Hampton and Norris's scheme, Tran's Guidelines range already reflects his lesser degree of culpability—that is, the loss amount attributed to Tran in his Plea Agreement and in the PSR is less than $70,000 and not the substantially larger amounts relating to Hampton and Norris's scheme, as cited in Tran's brief. If Tran were to receive the benefit of a minor role reduction, then his total loss amount, and thus his Guidelines range, would have to reflect the greater loss amount associated with Hampton and Norris's scheme, i.e., at least approximately $176,100.[3] Accordingly, Tran should not receive a minor role reduction, and he should be held accountable for the $69,000 loss that his particular scheme caused and that he

---

[3] If Tran's Guidelines calculations were adjusted to account for the Hampton/Norris loss amount of approximately $176,100 and a minor role reduction as it relates to that entire scheme, Tran's total offense level would be a 21, resulting in a Guidelines range of 37-46 months. The low end of that Guidelines range would be seven months more than the low end of the current Guidelines range to which the parties have stipulated.

admits in his Plea Agreement.

Tran also contends that his criminal conduct was aberrant and related to the posttraumatic stress disorder ("PTSD") from which he suffers.  *See* ECF No. 26 at 5-6.  First, Tran's criminal conduct included receipt of multiple bribes from at least two different individuals; the ongoing decision to allow Afghan truck drivers to steal fuel from a military base, whether it was the driver with whom he directly conspired or the drivers with whom Hampton and Norris conspired; and Tran's efforts to falsify records to conceal his scheme.  The breadth and scope of this misconduct is not aberrant, but rather deliberate and repeated.  Second, while Tran's mental health issues appear legitimate and serious, PTSD, unfortunately, can be common among members of the military returning from deployment.  For those afflicted by it, PTSD undoubtedly may present a significant challenge to daily life.  However, it does not present a reason or justification for criminal activity.  It would be disingenuous and a disservice to others who suffer from the condition and who lead law-abiding lives to suggest PTSD accounts for the defendant's wrongdoing in this case.  When imposing its sentence, the Court certainly may recommend that the Bureau of Prisons take all steps necessary to accommodate Tran's mental well-being and needs.  However, his condition is not extraordinary or "present to an unusual degree," and does not "distinguish the case from the typical cases covered by the guidelines."  U.S.S.G. § 5H1.3.  The government therefore opposes any departure or variance on a mental health basis.

Lastly, Tran points to his military career as a basis for leniency.  *See* ECF No. 26 at 6.  This request, however, is misguided.  After all, Tran was not simply a member of the military who committed a crime; he was a member of the military who committed a crime *against* the military. Tran's military service should not inure to his benefit when he used his position and duties in the Army to exploit and victimize the military he promised to serve honorably.

Considering the above factors, the need to sufficiently and justly punish Tran, promote respect for the law, and deter future criminal conduct, the government requests a custodial sentence of 30 months and three years of supervised release.

## III.    Restitution

Restitution is mandated pursuant to 18 U.S.C. § 3663A(c)(1)(B) as Tran's offense is one "in which an identifiable victim or victims has suffered a physical injury or pecuniary loss." 18 U.S.C. § 3663A(c)(1)(B).  Tran also has agreed, as part of his Plea Agreement, to pay restitution relating to his criminal offenses.  ECF No. 21, ¶¶ 1.d. & 9.  Here, as he admitted in the factual basis to his Plea Agreement, Tran accepted cash in exchange for allowing an Afghan truck driver to take at least approximately 12,000 gallons of fuel from FOB Gardez.  ECF No. 21, ¶ 2.i; PSR ¶ 83.  The cost of fuel in Afghanistan around that time was approximately $5.75 per gallon.  ECF No. 21, ¶ 2.i; PSR ¶ 11.  Consequently, a conservative estimate of the total amount attributable to Tran's illicit transaction is approximately $69,000.  Therefore, the Court should order Tran to pay restitution in the amount of $69,000.

## IV.    Conclusion

Based on the applicable Guidelines range of 30 to 37 months and consideration of the sentencing factors provided in 18 U.S.C. § 3553(a), the government recommends that Tran be sentenced to a bottom-of-the-guidelines sentence of 30 months and be ordered to pay $69,000 in restitution to the United States government.  As provided for in the Plea Agreement, Tran should also be ordered to forfeit his vehicle that derived from the proceeds of his offense: a 2009 Honda Accord, VIN No. 1HGCS12389A005430.  A money judgment in the amount of $11,437.00 reflecting the remaining proceeds of the offense, after accounting for Tran's purchase of the vehicle, should also be entered as contemplated in the Plea Agreement.

- 9 -

Date:  9/15/2015                                  Respectfully Submitted,


                                                  RAYMOND HULSER
                                                  Chief, Public Integrity Section
                                                  Criminal Division
                                                  United States Department of Justice

                                                  MELINDA HAAG
                                                  United States Attorney

                                                  MARISSA HARRIS
                                                  Assistant United States Attorney

                                       By:        */s/ Sean F. Mulryne*_____
                                                  JOHN D. KELLER
                                                  SEAN F. MULRYNE
                                                  Trial Attorneys
                                                  United States Department of Justice
                                                  Public Integrity Section
                                                  1400 New York Ave. NW, Suite 12100
                                                  Washington, DC  20005
                                                  (202) 514-1412
                                                  John.Keller2@usdoj.gov
                                                  Sean.Mulryne@usdoj.gov

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on September 15, 2015, the Government's Sentencing Memorandum was filed by CM/ECF Electronic Filing, which will provide notice to counsel of record for the defendant.

*/s/ Sean F. Mulryne*
Sean F. Mulryne
Trial Attorney